b

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| CENTRAL LOUISIANA HOME HEALTH CARE, L.L.C. | CIVIL ACTION 1:17-CV-00346 |
| VERSUS | JUDGE DRELL |
| THOMAS E. PRICE, M.D., SECRETARY OF THE DEPARTMENT OF HEALTH AND HUMAN SERVICES | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Plaintiff Central Louisiana Home Health Care, L.L.C. ("CLHHC") filed a "Motion for Disgorgement, Replevin, and Other Equitable Relief" (Doc. 78). Because CLHHC is not entitled to a refund of seized funds, on the basis of violations of its right to procedural due process, prior to a disposition of its appeal by the District Court, it's Motion for Disgorgement, Replevin, and Other Equitable Relief (Doc. 78) should be DENIED.

I. Background

CLHHC filed a complaint pursuant to 42 U.S.C. § 1395ff(b), seeking review of the final agency decision of the Secretary of Department of Health and Human Services ("DHHS"). DHHS administers the Medicare program through the Centers for Medicare and Medicaid Services ("CMS"). DHHS answered (Doc. 11) and filed the administrative record (Docs. 32-40).

CLHHC seeks reversal of the Secretary's decision ordering CLHHC to repay nearly $7,000,000 in alleged overpayments. In accordance with 42 U.S.C. § 1395ddd(f)(2)(A), the Secretary began seizing money from CLHHC ("recoupment" of overpayments) after CLHHC's initial appeal was denied in the administrative proceedings.

Before the Report and Recommendation was filed (Doc. 84), CLHHC filed a Motion for Disgorgement, Replevin, and Other Equitable Relief (Doc. 78), seeking to discontinue recoupment of the alleged overpayment, and to have the money already seized by DHHS refunded. CLHHC argues that DHHS failed to timely respond at each stage of the administrative proceedings in violation of its right to due process. CLHHC contends that, despite the extremely lengthy delays in the administrative process (four years), Defendants began recouping the calculated overpayment from CLHHC. CLHHC contends Defendants seized $2,455,154.34 before it was forced to seek protection in bankruptcy.

CLHHC now seeks a refund of the money seized by Defendants (Doc. 78). Defendants oppose that motion (Doc. 81).

## II.   Law and Analysis

CLHHC contends DHHS was not entitled to recoup funds prior to the completion of the fourth level of appeal (the ALJ's decision) because DHHS failed to timely file responses in the administrative proceedings. CLHHC relies on <u>Family Rehabilitation, Inc. v. Azar</u>, 886 F.3d 496 (5th Cir. 2018), to seek a refund of the funds seized for recoupment of the alleged overpayments to CLHHC pursuant to the

"collateral claim exception" to the exhaustion requirement of 42 U.S.C. § 405(g). CLHHC argues that it is entitled to a refund of all funds seized too early. Defendants argue this Court lacks subject matter jurisdiction over CLHHC's claim for equitable relief.

In Family Rehabilitation, Inc., 886 F.3d at 498, the plaintiff sought to enjoin the defendants from starting to recoup the alleged overpayments prior to the ALJ's hearing and decision. The district court dismissed the action for lack of subject matter jurisdiction. See id. The United States Court of Appeals for the Fifth Circuit found that, because of the massive, years-long backlog in the Medicare administrative appeals process, the plaintiff was likely to go bankrupt prior to the ALJ hearing if recoupment continued. See id. The Fifth Circuit held the district court had subject matter jurisdiction to review plaintiff's claim that its right to procedural due process was violated by the delays in the Medicare administrative process. See id.

On remand, the district court granted the plaintiff a temporary restraining order from withholding Medicare payments to effectuate the recoupment of any alleged overpayments, and waived the bond requirement. See Family Rehabilitation, Inc. v. Azar, 2018 WL 2670730, *3 (N.D. Tex. 2018). After a hearing, the district court entered a preliminary injunction to restrain and enjoin the defendants from withholding Medicare payments and receivables to plaintiff to effectuate recoupment of alleged overpayment in the underlying claims *until* the ALJ rendered a decision on plaintiff's appeals of the overpayment determination. See Family Rehabilitation, Inc. v. Azar, 3:17-CV-03008 (N.D. Tex.) (Doc. 52).

In Family Rehabilitation, Inc., the Fifth Circuit held that jurisdiction may lie over claims: (1) that are "entirely collateral" to a substantive agency decision; (2) for which full relief cannot be obtained at a post-deprivation hearing; and (3) that do not request the substantive, permanent relief the plaintiff seeks, or should seek, through the agency appeals process. See 886 F.3d at 501-502 (citing Mathews v. Eldridge, 424 U.S. 319, 330-32 (1976)). "If the court must examine the merits of the underlying dispute, delve into the statute and regulations, or make independent judgments as to plaintiffs' eligibility under a statute, the claim is not collateral." Family Rehabilitation, Inc., 886 F.3d at 503 (citing Heckler v. Ringer, 466 U.S. 496, 614 (2018)).

Because this case is already before this Court after exhaustion of the administrative proceedings, this Court has subject matter jurisdiction over CLHHC's motion. However, Family Rehabilitation, Inc. is not applicable to CLHHC's case. The plaintiff in Family Rehabilitation, Inc. was not awarded or refunded funds that had already been recouped. The Defendant was simply enjoined from recoupment prior to the ALJ's hearing and decision.

In this case, CLHHC is seeking a "refund" of seized funds–part of the relief sought in its appeal that is pending before this Court. Therefore, CLHHC is not entitled to a refund of recouped funds–prior to a decision on the merits its favor by the District Court–through a motion based solely on a finding that it was deprived of procedural due process in its administrative proceedings. Accordingly, CLHHC's motion (Doc. 78) should be denied.

### III. Conclusion

Because CLHHC is not entitled to a refund of seized funds prior to a decision on the merits in its favor by the Court, it's Motion for Disgorgement, Replevin, and Other Equitable Relief (Doc. 78) should be **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

**THUS DONE AND SIGNED** in chambers in Alexandria, Louisiana, this __15th__ day of March, 2019.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge